IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:07CV392-01-MU

KAREEM A. KIRK, et al., )
 )
    Plaintiff, )
 )
v. ) **O R D E R**
 )
PETER GILCHRIST, et al., )
 )
    Defendants. )
 )

**THIS MATTER** comes before the Court for an initial review of Plaintiffs'[1] Complaint pursuant to 42 U.S.C. § 1983, filed September 18, 2007.

Plaintiff Kirk and seven other inmates, have filed the instant Complaint alleging that they have been unlawfully denied state probable cause hearings. Plaintiffs sue Peter Gilchrist, the district attorney; numerous defense attorneys; a state district court judge; Jim Pendergraph, the Mecklenburg County Sheriff; and an unidentified Superior Court clerk. Plaintiffs seek injunctive, compensatory, and punitive damages.

As an initial matter, the Court notes that Plaintiffs' claims concern ongoing criminal state court proceedings.[2] Pursuant to the Younger abstention doctrine, a federal court may not award

---

[1] The Court will assume, without deciding, that multiple pro se, indigent, prisoner Plaintiffs may file suit together based upon the in forma pauperis application of one inmate.

[2] The Complaint also asserts that some Plaintiff's may have already been convicted and sentenced. Claims of the Plaintiffs who have been convicted and sentenced are barred by the holding in Heck v. Humphrey, 512 U.S. 477 (1994). To recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a prisoner must prove that the conviction or sentence was (1)

declaratory or injunctive relief that would affect pending state criminal proceedings. See <u>Younger v. Harris</u>, 401 U.S. 37, 45 (1971). Consequently, this Court will dismiss Plaintiffs' claim for injunctive relief.

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that one of his constitutional rights (or federal statutory rights) was violated by a person acting under the color of state law. 42 U.S.C. § 1983. Neither public defenders nor private criminal attorneys are "state actors." See <u>In Polk County v. Dodson</u>, 454 U.S. 312 (1981)(public defender); <u>Deas v. Potts</u>, 547 F.2d 800 (4th Cir. 1976)(private criminal defense attorney). Accordingly, Plaintiff fails to state a claim under 42 U.S.C. §1983 against all of the defendants identified as public defenders.

Plaintiff also sues Defendant Gilchrist, the district attorney. The Court notes that although Peter Gilchrist is listed as a defendant in this case, he is not referenced in the text of the Complaint. As no specific actions or involvement have been attributed to him, no claim has been asserted against him and he is dismissed from this matter on that basis.

In addition, the Court notes that to the extent the Complaint is construed to assert a claim against Defendant Gilchrist based upon the alleged failure to have probable cause hearings, Defendant Gilchrist would be immune from such a claim. It is well-established law that in initiating a prosecution and in presenting the State's case, a prosecutor is immune from a civil suit for damages

---

reversed on direct appeal, (2) expunged by executive order, (3) declared invalid by a state tribunal authorized to make such a determination, or (4) called into question by a federal court's issuance of a § 2254 writ. <u>Heck v. Humphrey</u>, 114 S. Ct. 2364 (1994). If the prisoner cannot make this showing, his claim is not cognizable. Thus, if the prisoner's claim would "necessarily imply" the invalidity of the prisoner's conviction or sentence, a district court should dismiss the §1983 action. <u>Id</u>. In the instant case, a ruling in favor of the plaintiffs who have been convicted would necessarily imply the invalidity of their convictions. No plaintiff has not offered proof that he can satisfy any one of the requirements listed above. Consequently, plaintiffs who have been convicted and sentenced are barred at this point from raising these claims in a § 1983 context.

under § 1983. See Imbler v. Pachtman, 424 U.S. 409, 430 (1976). This absolute immunity attaches to prosecution conduct "intimately associated with the judicial phase of the criminal prosecution." Id. at 439. Any claim based upon the denial of a defendant's right to a probable cause hearing is a claim that is based upon the preparation of the States case[3] and thus Defendant Gilchrist is entitled to absolute immunity on this claim.

Plaintiff also lists a state court judge as a Defendant. Plaintiffs make no reference to the state court judge in the text of the Complaint. Moreover, judges are immune from damages liability for judicial acts unless they are done in the clear absence of all jurisdiction. See Stump v. Sparkman, 435 U.S. 349 (1978). Plaintiffs have not alleged any facts sufficient to support an allegation that Defendant state court judge acted in the clear absence of all jurisdiction. Consequently, the Court finds that Defendant state court judge is immune from liability in this matter.[4]

The Plaintiffs also sue Defendant Pendergraph, the Sheriff of Mecklenburg County. The only reference in Plaintiff's Complaint to Defendant Pendergraph states that he "is aiding the conspiracy by either his acknowledgment or unawareness but indirectly involved for his failure to inquire into the Plaintiff's restraints upon his imprisoning . . . ." The Court finds that Plaintiff's conclusory allegations against Defendant Pendergraph fail to state a claim against Defendant Pendergraph and therefore he is dismissed from this case. In addition, the Court notes that supervisory liability under

---

[3] Indeed, as indicated by two letters from defense counsel and attached by Plaintiff to his Complaint, no probable cause hearing is required after a grand jury returns an indictment. See also State v. Oliver, 302 N.C. 28 (1981)(failure to provide defendants with probable cause hearing after they had been indicted by grand jury was not denial of due process or equal protection)(citing State v. Lester, 294 N.C. 220, 224 (1978)).

[4] Plaintiffs also list an unidentified Superior Court clerk as a defendant. Plaintiffs do not reference this individual anywhere in the text of the Complaint. As such, they fail to assert a claim against this individual.

§ 1983 may not be predicated only on the theory of respondeat superior. See Vinnedge v. Gibbs, 550 F.2d 926, 929 (4th Cir. 1977). Finally, the Plaintiff does not assert how the sheriff would have any impact on whether a legal hearing was held.

**IT IS THEREFORE ORDERED** that Plaintiffs' Complaint is **DISMISSED** for failure to state a claim.

Signed: October 9, 2007

Graham C. Mullen
United States District Judge